# EXHIBIT 4

*Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
Harlingen Field Office
1717 Zoy Street
Harlingen, Texas 78552

U.S. Immigration
and Customs
Enforcement

July 16, 2026

Christian Castro
Deportation Officer
4400 Ensenada Ave.
McAllen, TX 78504

Re: Decision on Proposal to Indefinitely Suspend – Commission of a Crime for Which a Sentence of Imprisonment May be Imposed

Mr. Castro:

By letter dated June 5, 2026, and served upon you on the same date, the Adverse Action Panel proposed to indefinitely suspend you from duty and pay as a Deportation Officer (DO), GS-1801-07, with the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO). You were notified that, pursuant to 5 U.S.C. § 7513(b)(1) and 5 C.F.R. § 752.404(d)(1), a decision regarding the proposal would be effected not earlier than seven (7) calendar days from the date you received the notice of proposal. Since May 29, 2026, you have been in custody in Cameron County, Texas. The proposal was based upon the following reason:

**<u>REASON</u>: REASONABLE CAUSE TO BELIEVE THAT YOU HAVE COMMITTED A CRIME FOR WHICH A SENTENCE OF IMPRISONMENT MAY BE IMPOSED**

You were afforded an opportunity to submit oral and written replies to the proposed action. You did not present an oral or written reply. Following a thorough review of the contents of the case file, I find the Reason and Specification are supported by the evidence. Therefore, I have decided to sustain the indefinite suspension.

In determining whether the penalty of an indefinite suspension is appropriate in this matter, I have considered the relevant *Douglas* Factors. The alleged conduct in question is extremely serious. On May 18, 2026, a District Court judge in the 4th Judicial District, County of Hennepin, State of Minnesota, signed a criminal complaint, Court File No. 27-CR-26-12537, charging you with violations of Minnesota criminal law committed while you were on duty. The offenses include four charges of second-degree assault with a dangerous weapon, in violation of Minnesota Statute 609.222.1. Each of these offenses is a felony and punishable by a maximum

sentence of imprisonment of not more than seven years. You were also charged with a misdemeanor of falsely reporting crime, a misdemeanor, in violation of Minnesota Statute 609.505.1, punishable by a maximum sentence of imprisonment up to 90 days. On May 29, 2026, after a nationwide warrant was issued for your arrest, you were apprehended and committed to a jail in Cameron County, Texas.

As a federal law enforcement officer (LEO), you are held to a higher standard of conduct than other non-law enforcement employees and you are expected to act in accordance with that standard. Although all acts of criminal conduct are unacceptable, allegations of second- degree assault with a dangerous weapon are particularly disturbing. As a LEO, you are required to abide by all laws and regulations, both on and off duty.

ICE is a law enforcement agency and, as such, must demand the highest integrity of its employees in order to maintain the public's confidence in the pursuit of its mission. Integrity, responsibility, and accountability are core values that are expected from all ICE employees but especially so from LEOs. The charges in the complaint indicate that you did not safely carry and use your service weapon and raise questions whether you can safely carry a service weapon. Further, the charges indicate that you falsely claimed to the Federal Bureau of Investigation (FBI) that an assailant repeatedly struck you with a broom while you were lying on the ground, and that you later fired a shot at him and others before they entered a residence. Your account to the FBI is contradicted by a videotaped footage of the incident, the accounts of other witnesses, and the physical evidence all of which indicate that you fired a shot while the victims were already inside the residence and that no one struck you. Your criminal charges and subsequent arrest received nationwide media attention. Such coverage has an adverse impact upon the reputation of ICE and undermines public trust and confidence in ICE officers.

The actions described in the criminal complaint are directly related to your duties as a DO and contradictory to the mission of the Agency. As part of your duties, you are required to safely carry and use a service weapon. Also, it is fundamental for a LEO to demonstrate candor and integrity, especially under difficult circumstances, which inarguably includes during police interviews. In addition, your arrest has likely undermined the reputation of ICE and its ability to work with local law enforcement in that area.

In making my decision, I also considered mitigating factors to include your length of federal employment and over four years of military service. However, these mitigating factors do not outweigh the aggravating factors.

I have considered alternative sanctions, but none is a viable option under the circumstances. Due to the serious nature of the criminal allegations against you and the nature of your duties as a DO, I find that indefinite suspension promotes the efficiency of the service and is the only appropriate sanction until these criminal charges are resolved.

Therefore, I find this action is reasonable and warranted, and promotes the efficiency of the service. This indefinite suspension is effective upon receipt of this letter and will remain in effect until the later of a disposition of the charges against you; there is sufficient evidence to either return you to duty or support an administrative action against you; or the end of the notice period

of any adverse action proposed by the Agency and based upon the factual situation that forms the basis of the criminal complaint.

Based on the foregoing, it is my decision to indefinitely suspend you from duty and pay, and that this indefinite suspension will promote the efficiency of the Service. The indefinite suspension will be effected as of the date you receive this letter.

You are instructed to promptly provide your supervisory chain of command with copies of any court documents which would justify your return to duty, such as the entry of an order of dismissal, plea agreement, jury finding, or other court order, including any final order, whether favorable or unfavorable to you.

Further, you should be aware that if an investigation and/or administrative determination so warrants, removal from the U.S. Immigration and Customs Enforcement may be initiated while you are in an indefinite suspension status. A finding of "not guilty" does not preclude the Agency from pursuing further administrative action against you if there is a sufficient basis for such action.

**Rights and Procedures**

This is a final decision. If you believe this adverse action is unwarranted, you may do **one** of the following: (1) file an appeal with the Merit Systems Protection Board (MSPB); (2) initiate a discrimination complaint if you believe this action was motivated by discrimination based on your race, color, sex, religion, national origin, age, disability, genetic information, and/or because of participation in a protected Equal Employment Opportunity (EEO) activity; or (3) file a complaint with the Office of Special Counsel (OSC) if you believe this action was motivated by any prohibited personnel practices, as identified in Section 2302(b) of Title 5 of the U.S. Code.

1. **Merit Systems Protection Board (MSPB).** If you believe this adverse action is unwarranted, you may file an appeal with the MSPB. If you elect to file an appeal with the MSPB, your appeal **must** be filed during the period beginning with the day after the effective date of the adverse action and ending not later than 30 calendar days after the effective date. Failure to file a timely appeal could result in dismissal of your appeal absent good cause. A copy of the MSPB regulations (5 C.F.R. Part 1201 *et seq*.) can be found at www.mspb.gov. A copy of the MSPB Appeal Form (MSPB Form 185) can also be found on MSPB's website. If you decide to appeal to MSPB, you may file your appeal by mail, by facsimile at (214) 767-0102, by commercial overnight delivery, or personal delivery to the Merit Systems Protection Board, Regional Director, Dallas Regional Office, 1100 Commerce Street, Room 620, Dallas, Texas 75242-9979. You must submit an original and one copy of the appeal. In accordance with 5 C.F.R. § 1201.24(a)(7), you must also submit a copy of (1) the notice of proposed action, (2) the agency decision being appealed, and (3) if available, the SF-50 or similar notice of the personnel action. No other attachments should be included with the appeal as the Agency will be responsible for submitting certain documents and there will be several opportunities to submit evidence and argument after the appeal is filed. You are advised not to miss this

deadline for filing merely because you do not currently have all of these documents in your possession. As an alternative to filing a paper appeal, you may file an appeal electronically by using e-Appeal, the MSPB's Internet filing procedure, at http://e-appeal.mspb.gov. In accordance with the MSPB regulations at 5 C.F.R. § 1201.21(f), an appeal should include the following information identifying the ICE official to receive the MSPB's acknowledgment order and copy of the appeal:

Division Chief
Employment Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
Email: OPLAEmployment.LawAssignment@ice.dhs.gov

2. **Equal Employment Opportunity Rights.** If you believe this adverse action is motivated by discrimination based on your race, color, sex, religion, national origin, age (40 and above), disability (mental or physical), genetic information, and/or reprisal (for participation in a protected Equal Employment Opportunity (EEO) activity), you may include this allegation when appealing to the MSPB (see 1, above) or you may initiate a discrimination complaint by seeking pre-complaint counseling with an ICE EEO Counselor. In order to pursue this matter through the discrimination complaints process, you must contact an ICE EEO Counselor within 45 days of the effective date of this adverse action. An ICE EEO Counselor may be contacted through the ICE Office of Civil Rights Compliance by email at EEO-ADR-ICE@ice.dhs.gov or by writing to:

U.S. Immigration and Customs Enforcement
Office of Civil Rights Compliance
500 12th Street SW, Mail Stop 5010
Washington, DC 20536

If you elect to pursue this matter through the discrimination complaints process, it will be deemed a "mixed case complaint," and upon acceptance of your formal complaint of discrimination, you will be advised of the mixed case processing procedures.

3. **U.S. Office of Special Counsel Rights.** If you believe that any prohibited personnel practices, as identified in Section 2302(b) of Title 5 of the U.S. Code, motivated this action, including unlawful retaliation for whistleblowing or other protected activities, then you may contact the U.S. Office of Special Counsel (OSC) by telephone at (202) 804-7000 or by electronic mail at info@osc.gov to obtain more information about your rights. You may seek corrective action through OSC by filing a complaint at www.osc.gov. If you choose to file a complaint with OSC concerning retaliation for whistleblowing and/or protected activities, and OSC closes your complaint or does not complete its review within 120 days of receiving your complaint, then you may have the additional right to seek corrective action through an Individual Right of Action (IRA) appeal before the MSPB. Your IRA appeal will be limited to those matters first raised with the OSC. Additional information about prohibited personnel practices may be

obtained at www.osc.gov. Additionally, if you file an appeal directly to the MSPB as set forth in Option One (1) above, you may include an allegation of retaliation for whistleblowing or engaging in other protected activities as an affirmative defense in that appeal.

If you seek corrective action under subchapters II and III of 5 U.S.C. chapter 12 by filing a complaint with OSC, you will be limited to the rights associated with filing an Individual Right of Action (IRA) appeal. An individual who has been subjected to an otherwise appealable action such as the action being taken against you, but who seeks corrective action from OSC before filing an appeal with the Board, has elected an IRA appeal and is limited to the rights associated with such an appeal. In an IRA appeal the only issue before the Board is whether the Agency took one or more covered personnel actions against an individual in retaliation for making protected whistleblower disclosures or for otherwise reporting a prohibited personnel practice. Also, in IRA appeals, the Agency need not prove the elements of its case (*i.e.*, its charges, nexus and the reasonableness of the penalty) and the individual may not raise other affirmative defenses (ex. harmful error, prohibited discrimination). By electing to file an OSC complaint, you will be foregoing the right to otherwise challenge this action. However, you are not precluded from filing a formal complaint of discrimination under option two (2), above, if you file a complaint with OSC alleging whistleblower retaliation. A copy of the OSC regulations and complaint forms are available at www.osc.gov.

Again, your election of one of these avenues of review will be considered final on the date any timely appeal or complaint is filed. In addition, pursuing a discrimination complaint or seeking corrective action with the OSC **will not** extend the time limit for filing an appeal with the MSPB.

You are also advised of the Employee Assistance Program (EAP), which is free and confidential, and may be able to assist you with any personal problems that you may be experiencing. You may schedule an appointment by calling (800) 222-0364 or by going online to www.FOH4You.com. Although you are encouraged to take advantage of any assistance the EAP may provide, you should be aware that availing yourself of the EAP's services does not stay or prevent the Agency from taking any disciplinary action or other appropriate administrative action.

If you have any questions concerning your rights or procedures regarding this action, you may contact Employee Relations, Immigration and Customs Enforcement, via e-mail at ICEemployeerelations@ice.dhs.gov.

Please sign the acknowledgement of receipt of this letter as evidence that you have received it. Your signature does not mean that you agree or disagree with its contents, and by signing, you do not forfeit any of your rights cited above.

Sincerely,

JUAN E AGUDELO Digitally signed by JUAN E AGUDELO Date: 2026.07.16 08:05:16 -05'00'

Juan E. Agudelo
Field Office Director, ERO

cc: Field Office
ICE Employee Relations

## ACKNOWLEDGMENT OF RECEIPT

Please sign this acknowledgment as evidence that you received the cited letter. Your signature does not mean that you agree or disagree with its contents and, by signing, you do not forfeit any of your rights cited above. Your acknowledgment of receipt should be returned to the bearer of this notice.

I acknowledge receipt of the 16 July 26 (date) Notice of Decision on Indefinite Suspension.

Employee's signature: C. J. Castro Date: 16 July 26
Christian Castro

Witness/Bearer's signature: [signature] Date: 7-16-26
(print name below signature) Eusebio Salazar, AFOD